FELICIA GALATI, ESQ.
Nevada Bar No. 7341
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
fgalati@ocgas.com
Telephone: 702-384-4012
Facsimile:  702-383-0701
Attorneys for Defendants CLARK COUNTY,
GLORIA MALDONADO, AUDRA GUITIERREZ/GUERRO,
YOLANDA KING and TIM BURCH

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ANSARA, as Special Administrator of the estate of D.B., born December 18, 2015 and died August 15, 2017 and GABRIELLE BRANON-CHESLEY, individually, as the Natural Mother of D.B., David Banks, individually and as the Natural Father of D.B., <br><br> Plaintiffs, <br><br> v. <br><br> GLORIA MALDONADO, individually; AUDRA GUITERREZ/GUERRO, individually; RICHARD WHITLEY, Director of the Nevada Department of Health and Human Services, individually; ROSS ARMSTRONG, Administrator of Nevada Division of Child and Family Services, individually; YOLANDA KING, Clark County Manager, individually; TIM BURCH, Director of Clark County Department of Family Services, individually; DIAMOND FORD, individually; CRAIG DICKENS; individually; DOE individuals I-XX, ROE CLARK COUNTY DEPARTMENT OF FAMILY SERVICES EMPLOYEES I-XX, individually and in their official capacities; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; COUNTY OF CLARK, a political subdivision of the State of Nevada; TROPICANA DE, LLC, d/b/a SIEGAL SUITES OF TROPICANA, a Foreign Limited Liability Corporation; AND DOE SECURITY COMPANY and ZOE CORPORATIONS XXI-XXX, <br><br> Defendants. | CASE NO. 2:19-cv-01394-GMN-VCF <br><br> **STIPULATION AND ORDER TO STAY DISCOVERY** |

COMES NOW ROBERT ANSARA, as Special Administrator of the estate of D.B., and GABRIELLE BRANON-CHESLEY, individually, as the Natural Mother of D.B., David Banks, individually and as the Natural Father of D.B., Defendants CLARK COUNTY, GLORIA MALDONADO, AUDRA GUITIERREZ/GUERRO, YOLANDA KING and TIM BURCH (herein after "County Defendants"), RICHARD WHITLEY, Director of Nevada Department of Health and Human Services, individually and TROPICANA DE, LLC, d/b/a SIEGAL SUITES OF TROPICANA ("Tropicana"), a Foreign Limited Liability Corporation; by and through their respective counsel of record, do hereby stipulate to stay some discovery and related other deadlines – except written discovery, subpoenas and written requests of that nature – pending the determination of all Defendants' Motions to Dismiss (ECF Nos. 16, 41 and 45) and the related papers.

Pursuant to Local Rule 6-1(b), the Parties hereby aver that this is the first such stay requested in this matter:

- Plaintiffs filed their First Amended Complaint (FAC) (ECF No. 5) August 15, 2019.
- Defendant Tropicana De, LLC filed a Motion to Dismiss the FAC (ECF No. 16) on September 19, 2019.
- Plaintiffs filed an Opposition (ECF No. 21) thereto on September 30, 2019.
- Defendant Tropicana De, LLC filed a Reply (ECF No. 28) thereto on October 7, 2019.
- Plaintiffs filed a Motion for leave to file a Second Amended Complaint (ECF No. 31) on October 8, 2019.
- A Joint Discovery Plan and Scheduling Order (ECF No. 39) was filed on October 23, 2019.

///

- Defendant Richard Whitley filed a Motion to Dismiss (ECF No. 41) on October 24, 2019.

- Plaintiffs served its FRCP 26 Initial Disclosures on October 28, 2019.

- Defendant Tropicana De, LLC served its FRCP 26 Initial Disclosures on October 29, 2019.

- County Defendants served their FRCP 26 Initial Disclosures on October 30, 2019.

- County Defendants filed a Joinder to Defendant Richard Whitley's Motion to Dismiss (ECF No. 42) and their Motion to Dismiss (ECF No. 45) ) on October 31, 2019;

- Plaintiffs filed an Opposition (ECF No. 48) to Richard Whitley's Motion to Dismiss on November 8, 2019.

- An Order dismissing Defendants Diamond Ford and Craig Dickens Without Prejudice (ECF No. 51) was filed on November 13, 2019.

- Defendant Richard Whitley filed a Reply to the Plaintiffs Opposition on November 13, 2019.

- County Defendants filed a Joinder to Richard Whitley's Reply to Response to Motion to Dismiss (ECF No. 52) on November 14, 2019.

- Plaintiffs filed an Opposition (ECF No. 53) to County Defendants' Motion to Dismiss on November 14, 2019.

- County Defendants filed a Reply to Plaintiffs' Opposition to Dismiss Plaintiffs' First Amended Complaint (ECF No. 56) on November 26, 2019.

- Defendant Richard Whitley sent Interrogatories to Plaintiff Robert Ansara dated December 6, 2019 and received a response on January 14, 2020.

///

- County Defendants served their FRCP (26) First Supplemental Disclosures with exhibits thereto on February 25, 2020.

- Defendant Richard Whitley sent Requests for Admission and Interrogatories to Plaintiff David Banks dated February 28, 2020 and received a response on March 26, 2020.

- Defendant Richard Whitley has propounded written discovery on Plaintiffs and they responded thereto on March 26, 2020.

A Stipulation and Order to Extend Discovery (First Request) (ECF No. 60) was filed on April 14, 2020. The current initial expert deadline is October 15, 2020 and the close of discovery is January 14, 2021.

- Plaintiffs have Propounded Written Discovery on Tropicana and it responded thereto April 27, 2020.

- Plaintiffs propounded written discovery on the County Defendants and they responded thereto on April 29, 2020.

- County Defendants served their FRCP (26) Second Supplemental Disclosures consisting of over 1,722 documents on April 29, 2020.

- County Defendants propounded written discovery on Plaintiffs and their response thereto is due on May 21, 2020.

- Plaintiffs propounded written discovery on Defendant Richard Whitley on April 10, 2020 and his response thereto is due on May 10, 2020 (Saturday).

- On April 24, 2020, Plaintiffs issued seven notices of depositions to various Clark County employees (four of whom are not parties) to be taken beginning on June 22, 2020.

///

///

**DISCOVERY TO BE COMPLETED AND REASONS FOR STAY OF DISCOVERY:**

Discovery to be completed includes:

- Depositions of Defendants;
- Depositions of Fact Witnesses;
- Depositions of Plaintiffs;
- Depositions of Treaters;
- Disclosure of Experts;
- Depositions of Experts;
- Plaintiffs Responses to County Defendants' written discovery;
- Defendant Richard Whitley's Responses to Plaintiffs' written discovery;
- Additional written discovery and depositions as the Parties deem necessary.

While, generally, discovery is not stayed due to a pending dispositive motion, and the parties have been engaging in written discovery and issuing Rule 26 disclosures, the parties believe that the case facts and three pending Defendants' Motions that seek a wholesale dismissal of the FAC and, more importantly, Plaintiffs' Motion to file a Second Amended Complaint, along with the current COVID-19 world pandemic issues, make it appropriate to enter a limited stay of certain discovery consistent with Rule 1 – which provides that the Federal Rules "should be construed, administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiffs noticed seven depositions of County Defendants' employees. This case involves the death of a child, and it is important that any and all depositions be taken in person. However, that poses health risks to all. On March 31, 2020, Governor Sisolak issued Nevada's Stay At Home Order, including regarding minimizing contact with others, which was

recently extended. This Court has issued its own orders relating thereto. See, e.g., General Orders 2020-04 and 2020-05. Some Clark County employees are working remotely. Given all of the above, it is not possible to conduct in-person depositions given the related health risks and employment issues. As such, it is not appropriate to proceed with the seven depositions, including because it would cause an undue and unnecessary burden, health risk and expense upon the parties and third persons that have to undergo the depositions that they might not otherwise have to undergo, and/or that might be limited in scope and subject depending on the Court's determination of the Motions, including Plaintiffs' motion for leave to amend a Second Amended Complaint. The four sets of parties and third persons should not be unduly burdened, take health risks and/or unnecessarily bear the related expenses.

      The parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested stay. The parties agree that, pending this Court's approval, stay of discovery proceedings are appropriate, given the issues raised by the pending Motions to Dismiss and Plaintiffs' Motion to file a Second Amended Complaint. The FAC could be dismissed in its entirety or in part, and/or with or without leave to amend. As such, the exact scope of the claims, if any remain, against which Defendants, and/or what discovery should be allowed regarding them is unknown. Requiring the parties to engage in deposition discovery given all of the above when the scope of the claims and parties is unknown, and might or will be dismissed *in toto* or in part would unnecessarily burden the parties and third persons and cause the parties to incur unnecessary attorneys' fees and costs. In addition, the parties should only be allowed to take one deposition of the each party and/or third person. If that discovery has to be done now and a party (Plaintiff or Defendant(s)) is dismissed, the scope of the claims changes and/or there is a Second Amended Complaint – that might require a second deposition which would be unduly

burdensome to that party and/or third person. Accordingly, the Parties have agreed upon staying discovery in this litigation except for written discovery, subpoenas and requests of that nature. In other words, the parties have agreed to stay depositions, expert disclosures, and all deadlines coming thereafter until the Motions are decided – but written discovery, and the like may proceed. Upon a determination of the Motions and once the exact pleading is known (FAC or Second Amended Complaint) the Parties will submit a revised proposed stipulated amended Discovery Schedule.

In addition, the parties shall only be allowed to depose the named defendants and third-parties once in their individual capacities. However, should any named defendant or third-party previously deposed be designated as a deponent for the purposes of an FRCP 30(b)(6) deposition, said individual may be deposed again in their FRCP 30(b)(6) capacity, only, if that issue arises.

If this stay is granted, all anticipated additional discovery will proceed after the Motions and pleading issues are decided. The Parties aver that this request for stay of discovery is made by the Parties in good faith and not for purpose of delay.

DATED this 5th day of May, 2020.          DATED this 5th day of May, 2020.

*/s/ Samantha A. Martin, Esq.*            */s/ Felicia Galati, Esq.*
Samantha A. Martin, Esq.                   Felicia Galati, Esq.
Nevada Bar No. 12998                       Nevada Bar No. 7341
RICHARD HARRIS LAW FIRM                    OLSON CANNON GORMLEY & STOBERSKI
801 South Fourth Street                    9950 W. Cheyenne Ave.
Las Vegas, Nevada 89101                    Las Vegas, Nevada 89129
Attorneys for Plaintiff                    Attorneys for Defendants CLARK COUNTY,
                                           GLORIA MALDONADO, AUDRA
                                           GUITIERREZ/GUERRO,
                                           YOLANDA KING and TIM BURCH

DATED this 5th day of May, 2020.                    DATED this 5th day of May, 2020.

*/s/ Brandon Trout, Esq.*                                      */s/ Linda Anderson, Esq.*
Brandon Trout, Esq.                                              Linda Anderson, Esq.
Nevada Bar No. 13411                                         Nevada Bar No. 4090
THE SIEGEL GROUP NEVADA, INC.          Deputy Attorney General
3790 Paradise Road, Suite 250                         Office of the Nevada Attorney General
Las Vegas, Nevada 89169                                 555 E. Washington Ave., Suite 3900
Attorneys for Defendant TROPICANA         Las Vegas, Nevada 89101
DE, LLC                                                                  Attorneys for Defendant RICHARD WHITLEY

IT IS SO ORDERED.

Dated this 5th day of May, 2020.

_____
Cam Ferenbach
United States Magistrate Judge

IT IS HEREBY ORDERED that a status hearing is scheduled for 11:00 AM, November 16, 2020, in Courtroom 3D.