# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT ANSARA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:19-cv-01394-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| GLORIA MALDONADO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the Motions to Dismiss, (ECF Nos. 16, 41, 45), filed by Defendant Tropicana De, LLC ("Tropicana"), Defendant Richard Whitley ("Whitley"), and Defendants Clark County, Gloria Maldonado, Audra Guitierrez/Guerro, Yolanda King, and Tim Burch ("Clark County Defendants") (collectively, "Defendants").  Plaintiffs Robert Ansara, Gabrielle Branon-Chesley, and David Banks ("Plaintiffs") filed Responses, (ECF Nos. 21, 48, 53), and a separate Motion to Amend, (ECF No. 31).  All Defendants filed Replies to their respective Motions to Dismiss, (ECF Nos. 28, 50, 56).  For the reasons discussed below, the Court **GRANTS** Defendant Tropicana's Motion to Dismiss, **GRANTS** Defendant Whitley's Motion to Dismiss, and **GRANTS** Clark County Defendants' Motion to Dismiss. Additionally, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Amend.

## I.   <u>BACKGROUND</u>

This case arises from the tragic death of a minor child, D.B., caused by Craig Dickens when he threw D.B. "across the room twice while drunk." (First Am. Compl. ("FAC") ¶¶ 59–60, ECF No. 5).  Plaintiff Robert Ansara brings this action as Special Administrator of the Estate of D.B., and Plaintiffs David Banks and Gabrielle Branon-Chesley are the natural mother and father of D.B. (*Id.* ¶¶ 2–4).

According to Plaintiffs' allegations, the events leading up to D.B.'s death began on April 23, 2017, when Clark County removed D.B. from the home and care of his natural mother "without cause or investigation" and "without a hearing or judicial approval of any kind." (*Id.* ¶¶ 52–53). D.B. thereafter remained in the "custody and control" of Clark County Defendants and "in the foster care of Defendants Diamond Ford and Craig Dickens." (*Id.* ¶ 55). Plaintiffs allege that Ford and Dickens should never have had control over D.B. because of Dickens's problem with alcohol and violent tendencies and because both Ford and Dickens "lacked the skill and capacity to watch over and care for a child under the age of 24 months." (*Id.* ¶ 57).

Following D.B.'s death, Plaintiffs commenced this action by filing their Complaint on August 14, 2019, (Compl., ECF No. 1), which Plaintiffs amended one day later, (ECF No. 5). Plaintiffs assert a total of twelve causes of action against Defendants as follows: (1) violation of civil rights pursuant to 42 U.S.C. § 1983 against Defendant Clark County; (2) violation of civil rights pursuant to 42 U.S.C. § 1983 against all Defendants; (3) violation of civil rights pursuant to 42 U.S.C. § 1983 against Defendants Maldonado, Gutierrez/Guerro, Whitley, Armstrong,[1] King, Burch, and Clark County; (4) negligence against Maldonado, Gutierrez/Guerro, and Clark County; (5) violations of the Federal Adoption Assistance Act and Child Welfare Act, 42 U.S.C. § 671 *et seq.*, against Defendants Maldonado, Gutierrez/Guerro, Whitley, Armstrong, King, Burch, and Clark County; (6) violation of substantive due process under the Nevada Constitution against Defendants Maldonado, Gutierrez/Guerro, Whitley, Armstrong, King, Burch, and Clark County; (7) violation of the Supremacy Clause (Nevada Revised Statute 424.090 and 432.0177) against all Defendants; (8) violations of the federal Adoption Assistance Act and Child Welfare Act and federal Child Abuse Prevention and Treatment and Adoption Reform Act against all Defendants; (9) violations of the Child Abuse Prevention and

---

[1] On October 10, 2019, the Court entered an Order granting the parties' Stipulation of Dismissal as to Ross Armstrong. (Order, ECF No. 34).

Treatment Act against all Defendants; (10) negligence against Defendants Diamonds and Dickens; (11) negligence against Defendant Tropicana; and (12) wrongful death against all Defendants. (FAC ¶¶ 136–236).

Defendant Tropicana filed its pending Motion to Dismiss, (ECF No. 16), on September 9, 2019, pursuant to Federal Rule of Civil Procedure 12(b)(6), as did Defendant Whitley on October 24, 2019, (ECF No. 41), and Clark County Defendants on October 31, 2019, (ECF No. 45). Defendants argue that Plaintiffs' claims either fail as a matter of law or are not supported by sufficient factual allegations.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, the Supreme Court has rejected any sort of "heightened" pleading requirement for § 1983 municipal liability claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

### A.  Defendant Tropicana's Motion to Dismiss, (ECF No. 16)

Defendant Tropicana was the "owner, manager and maintainer" of the property where Ford and Dickens were living when they had control of D.B. (FAC ¶ 22).  Plaintiffs' First Amended Complaint attempts to impose liability against Tropicana from D.B.'s death through a theory of negligence.[2]  Accordingly, to state a plausible claim Plaintiffs' allegations must support four elements: (1) the existence of a duty of care by Tropicana; (2) Tropicana's breach of that duty; (3) causation; and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (2009).  Plaintiffs attempt to support these elements by alleging that Tropicana received several complaints about Ford and Dickens regarding their care and treatment of D.B., "including complaints regarding fighting and violence in the household." (*Id.* ¶¶ 62, 221).  Plaintiffs then allege how, despite that knowledge, Tropicana did not investigate or notify Clark County, thereby permitting Dickens to "throw D.B. against a wall, twice, causing him severe injuries which ultimately contributed to his untimely death." (*Id.* ¶¶ 64, 222–25).

The central issue here is whether Plaintiffs plausibly allege that Tropicana had a "duty" and then "caused" the death of D.B by breaching that duty.  Tropicana contends that neither of these elements of a negligence claim exists here because, first, Tropicana had no affirmative duty to report child abuse. (Mot. Dismiss 9:6–10:9, ECF No. 16) (citing Nevada Revised Statute § 432B.220's imposition of a duty to report child abuse, and noting that the statute does

---

[2] Plaintiffs' First Amended Complaint includes Tropicana as a party to the second, seventh, eighth, and ninth causes of action because these claims reference "all defendants."  After Tropicana moved for dismissal, Plaintiffs conceded that "these causes of action do not apply to this Defendant." (Resp. 3:26–28 n.1, ECF No. 21).  In light of Plaintiffs' concession, the Court grants dismissal as to Plaintiffs' second, seventh, eighth, and ninth causes of action to the extent they name Tropicana.

list landlords as parties required to report suspected child abuse).  Tropicana further argues that it was Dickens's intentional and criminal act that caused D.B.'s death.  That criminal act, according to Tropicana, serves as a "superseding cause" which as a matter of law prevents Tropicana from being held liable under a theory of negligence. (*Id.* 8:15–26).

Tropicana is generally correct that it cannot be held liable under a theory of negligence solely because it was the landlord of the property where D.B.'s death occurred. *See, e.g.*, *FGA, Inc. v. Giglio*, 278 P.3d 490, 501 (2012).  But Tropicana could be liable under a theory of negligence if it "knew or should have known at the time of the negligent conduct that [it] was creating such a situation that a third party might avail himself of the opportunity to commit such a tort or crime." *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 725 (2009) (quoting Restatement (Second) of Torts § 448 (1965)) (internal quotations omitted).  Stated differently, while "unlawful conduct can interrupt and supersede the causation between a negligent act and injury, an unlawful act will not supersede causation if it was foreseeable." *Anderson v. Mandalay Corp.*, 358 P.3d 242, 248 (2015).  And Tropicana would have a duty to control the wrongful acts of a third person if Tropicana "ha[d] reasonable cause to anticipate such act and the probability of injury resulting therefrom." *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1182 (1996) (quoting *Thomas v. Bokelman*, 462 P.2d 1020, 1022 (1970)).  More specifically, a duty to act would exist if Tropicana knew or had reason to know that the criminal acts of a third person "are occurring, or are about to occur" on the premises. *Id.* (quoting *Early v. N.L.V. Casino Corp.*, 678 P.2d 683, 684 (1984)).

After reviewing the allegations in the First Amended Complaint, the Court finds that Plaintiffs have not sufficiently alleged a claim for negligence or wrongful death against Tropicana.[3]  Plaintiffs provide only broad allegations that Tropicana received complaints about

---

[3]  The Court recognizes that a negligence claim is separate and distinct from a wrongful death claim under Nevada Revised Statute 41.085(2). *See, e.g.*, *Estate of Faranesh v. Eighth Judicial Dist. Court In & For Clark*, No. 73267, 2018 WL 3217994, at *2 (Nev. App. June 20, 2018).  However, the Court analyzes both claims

fighting and violence in the household where D.B. resided at the time of his death. (*See* FAC ¶ 62) (broadly alleging "on more than one occasion" complaints were made regarding Ford and Dickens "care and treatment of D.B." including complaints regarding "fighting and violence"). Crucially missing are allegations of approximately when Tropicana received the complaints, how often the complaints were made, and what complained-of violence was aimed at D.B. Without such factual allegations, Plaintiffs do not plausibly allege how Tropicana could reasonably foresee imminent criminal acts against D.B. on the property and a probability of D.B.'s death, which might have imposed a duty on Tropicana to act.  Dismissal of Plaintiffs' eleventh and twelfth claims against Tropicana is therefore appropriate under FRCP 12(b)(6). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

While the Court dismisses Plaintiffs' negligence and wrongful death claims against Tropicana, dismissal is without prejudice.  The deficiencies in the First Amended Complaint are from insufficient factual allegations rather than a meritless legal theory; and, at this early stage, it is not clear to the Court that amendment would be futile.  That said, Plaintiffs' proposed Second Amended Complaint suffers from similar pleading deficiencies as the First Amended Complaint. (*See* Proposed Second Am. Compl. ¶¶ 60–61, 205–22, ECF No. 31-1). Any amendment must go beyond the allegations currently proposed.

### B.  Defendant Whitley's Motion to Dismiss, (ECF No. 41)

Defendant Whitley serves as the Director of the Nevada Department of Health and Human Services. (FAC ¶ 7).  Plaintiffs designate Whitley as a defendant in the following claims throughout the First Amended Complaint: second and third causes of action for violation of civil rights pursuant to 42 U.S.C. § 1983; fifth and eighth causes of action for violations of Plaintiffs' statutory rights under the federal Adoption Assistance and Child Welfare Act; sixth

---

together when deciding Tropicana's Motion to Dismiss because Plaintiffs' allegations must support the same overarching elements of negligence under Nevada law to plausibly allege either claim. *See id.* (explaining how "claims for negligence and wrongful death overlap to the extent they are both premised on negligent conduct").

cause of action for violation of substantive due process rights under the Nevada Constitution; seventh cause of action for violation of the Supremacy Clause; ninth cause of action for violation of the federal statutory right under 42 U.S.C. § 5106a(b)(2)(A)(xiii) to representation from a guardian ad litem in all proceedings; and twelfth cause of action for wrongful death. (*Id.* ¶¶ 173–213, 228–236). The below discussion addresses whether Plaintiffs provided sufficient factual allegations to support a plausible cause of action to survive Defendant Whitley's instant FRCP 12(b)(6) Motion.

### (1) *Second, Third, and Sixth Causes of Action*

Plaintiffs' second, third, and sixth causes of action contend that Defendant Whitley improperly allowed the placement of D.B in the "foster home" of Ford and Dickens and then failed to ensure D.B.'s s safety there. (FAC ¶¶ 147, 160, 181). Plaintiffs allege that such deliberate indifference to the rights of D.B. and of Plaintiffs by Defendant Whitley amounts to constitutional violations of due process rights. (*Id.* ¶¶ 151, 163, 182). In seeking dismissal of these claims, Defendant Whitley argues that the First Amended Complaint critically lacks allegations showing his personal involvement in the placement or monitoring of D.B. in the care of Ford and Dickens. (Mot. Dismiss 3:11–4:11, ECF No. 41). Without allegations showing personal involvement, according to Defendant Whitley, Plaintiffs cannot show the requisite special relationship between D.B. and Whitley nor show how Whitley created a danger that could support plausible violations of Plaintiffs' due process rights. (*Id.* 4:12–5:13).

After having reviewed Defendant Whitley's Motion to Dismiss, Plaintiffs concede that the First Amended Complaint and the proposed Second Amended Complaint lack factual allegations that could plausibly support their substantive due process claims against Whitley. (Resp. 5:8–12, ECF No. 48). Plaintiffs contend, however, that leave to amend is appropriate because Plaintiffs are "readily able to cure the deficiencies . . . as Plaintiffs are able to allege that the conduct of Defendant Whitley placed D.B. in danger, that a special relationship existed

between Defendant Whitley and D.B., [and] that Defendant Whitley acted in his individual capacity to place D.B. in danger . . . ." (*Id.* 5:20–24).

Because it is not clear at this early stage that Plaintiffs' pleadings "could not possibly be cured," the Court provides Plaintiffs leave to amend their due process claims against Defendant Whitley. *See Henry A. v. Willden*, 678 F.3d 991, 1005 (9th Cir. 2012) (addressing the low standard applicable for granting leave to amend in circumstances analogous to this case). Plaintiffs shall have twenty-one days from the date of this Order to do so, or else the Court will consider the claims abandoned and subject to dismissal with prejudice.

### (2) *Fifth Cause of Action*

Plaintiffs' fifth cause of action alleges that Defendants, collectively, violated statutory rights under the Adoption Assistance and Child Welfare Act of 1980.  The statutory provision that Plaintiffs cite for this claim is 42 U.S.C. § 671(a)(10). (FAC ¶ 174).  Defendant Whitley moves for dismissal on the basis that 42 U.S.C. § 671(a)(10) does not create a private right of action and that the supporting allegations do not demonstrate how a violation of § 671(a)(10) has "any application to any claims related to the death of D.B." (Mot. Dismiss 6:13–19, ECF No. 41).

Plaintiffs do not directly oppose Defendant Whitley's contention that 42 U.S.C. § 671(a)(10) does not confer a private right of action, and decisions by several courts support Whitley's position. *See, e.g.*, *Clark K. v. Guinn*, No. 2:06-cv-1068-RCJ-RJJ, 2007 WL 1435428, at *9 (D. Nev. May 14, 2007); *White by White v. Chambliss*, 112 F.3d 731, 739 (4th Cir. 1997).  The Court finds no reason to now depart from these past decisions.  To the extent that Plaintiffs' fifth cause of action relies on § 671(a)(10), the Court dismisses it with prejudice.  However, Plaintiffs' allegations are equivocal about whether § 671(a)(10) acts as the sole basis for this fifth claim. (*See* FAC ¶ 174) (alleging violations of statutory rights "including but not limited to" 42 U.S.C. § 671(a)(10)).  Insofar as Plaintiffs can allege a violation of the Adoption

1  Assistance and Child Welfare Act outside § 671(a)(10), the Court provides Plaintiffs with leave

2  to amend their fifth claim.

3  ### (3) *Seventh, Eighth, and Ninth Causes of Action*

4  Plaintiffs' seventh, eighth, and ninth causes of action concern violations of multiple

5  federal statutes by Defendants.  The seventh claim, for example, alleges that the "State

6  Defendants" cannot enforce several Nevada statutes governing the foster care system because

7  they conflict with federal statutes. (FAC ¶ 190) ("Plaintiffs contend that, pursuant to 42 U.S.C.

8  § 671(a)(10) and the Supremacy Clause, the State Defendants may not enforce N.R.S. 424.090

9  . . . .").[4]   Next, Plaintiffs' eighth claim broadly asserts violations of 42 U.S.C. §§ 671(a)(16),

10  675(1), and 675(5)(D) through Defendants' failure to "properly train, instruct, monitor,

11  supervise, evaluate, and investigate Defendants' caseworkers and supervisors." (*Id.* ¶¶ 199–

12  202).  Plaintiffs' ninth claim relies on purported violations of "early intervention" requirements

13  imposed by 42 U.S.C. § 5106a(b)(2)(A)(xxi) and 20 U.S.C. § 1437(a)(6)(A). (*Id.* ¶¶ 208–09).

14  In each of these three claims, Plaintiffs seek injunctive and declaratory relief on the basis that

15  they "are suffering and will continue to suffer substantial and irreparable injury" without Court

16  intervention. (*Id.* ¶¶ 191, 203, 213).

17  Defendant Whitley, along with Clark County Defendants, move for dismissal of these

18  three claims for several reasons.  First, Defendant Whitley argues that no enforceable private

19  right of action exists under the identified federal statutory provisions, and that the Nevada

20  statutes do not violate the federal Supremacy Clause. (Mot. Dismiss 6:4–7:16, ECF No. 41).

21  Clark County Defendants make similar arguments as Whitley, while adding that the three

---

23  [4]  As part of the seventh claim (as well as other claims), Plaintiffs allege that, "[i]n direct contravention of
Congress's mandate, the State of Nevada has enacted, and the State Defendants enforce, N.R.S. 432.0177 . . .

24  [which] mandates only annual visits to foster children transferred to out of state facilities." (FAC ¶¶ 194, 95); (*id.*
¶ 170) (alleging a violation of NRS 432.0177 in the context of the fourth cause of action).  However, the First

25  Amended Complaint does not allege that D.B. had been placed in an "out of state" facility which would have
made this Nevada statute applicable.  Thus, this part of Plaintiffs' claim does not present an active controversy to
which the Court can decide as part of this case.

1  claims are moot because D.B. is deceased and the claims only seek prospective injunctive relief

2  concerning childcare in state and county foster programs. (Mot. Dismiss 10:4–16, ECF No. 45).

3      At the outset, Plaintiffs concede that their seventh, eighth, and ninth claims are moot as

4  currently pleaded. (Resp. 8:27–28 n.4, ECF No. 53).  Nevertheless, Plaintiffs argue that the

5  Court can still consider the claims as asserting active controversies because "the substance of

6  [these claims] remains viable, and the relief requested in Plaintiffs' prayer applies to those

7  causes of action as well." (*See id.*).  But Plaintiffs' prayer for relief makes no such request for

8  damages with these claims; and the Court declines to speculate about whether Plaintiffs'

9  seventh, eighth, and ninth claims would be plausible upon merely modifying the requested

10  relief. *Cf. Naylor v. Superior Court of State of Ariz. In & For Maricopa Cty.*, 558 F.2d 1363,

11  1366 (9th Cir. 1977) (noting that "[m]ootness is not merely a 'ducking device' . . . . It goes

12  directly to the jurisdiction and power of the federal courts to act."); (FAC ¶¶ 196–97, 203, 213,

13  50:1–8) (stating that Plaintiffs are "entitled to injunctive relief" with these three claims, yet

14  making no specific request for damages based on past conduct and requesting compensatory

15  damages for only "Causes of Action One through Five" in the prayer for relief section).  It

16  would be inappropriate for the Court to restructure and recharacterize these insufficiently

17  pleaded claims to find that they survive Defendants' FRCP 12(b)(6) Motions—especially

18  when, as here, Plaintiffs provide only vague, conclusory allegations for each claim and seek a

19  declaration that state statutes are unconstitutional in light of the federal Supremacy Clause.[5]

20  Further, these claims fail to distinguish between defendants, and thus they do not provide fair

21  notice of the claims against them. *See Twombly*, 550 U.S. at 555.  The Court will, however,

22  provide Plaintiffs leave to amend these three claims to the extent that the applicable federal

23

24  ─────────────────────

25  [5]  Plaintiffs' proposed Second Amended Complaint similarly fails to state a non-moot basis for the seventh, eighth, and ninth causes of action. (Proposed Second Am. Compl. 49:1–8, ECF No. 31-1) (requesting "compensatory damages" only for "Causes of Action One through Five").  Accordingly, if Plaintiffs elect to amend these claims, the supporting allegations must go beyond what Plaintiffs have presented to the Court.

statutes provide for a private right of action. *See Henry A.*, 678 F.3d at 1008 (finding "the case plan provisions of the CWA, codified at §§ 671(a)(16) and 675(1), are enforceable through § 1983" and discussing the non-enforceability of 42 U.S.C. § 5106a(b)(2)(B)(xiii) through § 1983).

### 4) *Twelfth Cause of Action*

Plaintiffs' twelfth cause of action asserts that "[t]he death of D.B. was caused, either in whole or in part, by all named Defendants." (FAC ¶ 228). None of the claim-specific allegations identify conduct by Defendant Whitley, and the allegations supporting the First Amended Complaint amount to only broad contentions that Whitley failed to train workers on proper placement of children and generally failed to ensure D.B.'s safety. (*See* FAC ¶¶ 58, 228–236). Apparently recognizing the pleading deficiencies for this claim, Plaintiffs do not directly oppose Whitley's request for its dismissal under FRCP 12(b)(6). Plaintiffs instead request leave to amend. (Resp. 4:23–24, ECF No. 48).

The Court is currently unable to find that amendment of Plaintiffs' twelfth claim with additional factual allegations would be futile. Accordingly, Plaintiffs twelfth claim is dismissed as to Defendant Whitley, but without prejudice and with leave to amend.

### C. Clark County Defendants' Motion to Dismiss, (ECF No. 45)

Plaintiffs designate at least one of the Clark County Defendants in the following claims throughout the First Amended Complaint: first cause of action for violation of civil rights pursuant to 42 U.S.C. § 1983 against Clark County; second and third causes of action for violation of civil rights pursuant to 42 U.S.C. § 1983 against all Clark County Defendants; fourth cause of action for negligence against Defendants Maldonado, Gutierrez/Guerro, and Clark County; fifth and eighth causes of action for violations of Plaintiffs' statutory rights under the federal Adoption Assistance and Child Welfare Act against all Clark County Defendants; sixth cause of action for violation of substantive due process rights under the

Nevada Constitution against all Clark County Defendants; seventh cause of action for violation of the Supremacy Clause against all Clark County Defendants; ninth cause of action for violation of a statutory right to representation from a guardian ad litem under 42 U.S.C. § 5106a(b)(2)(A)(xiii) against all Clark County Defendants; and twelfth cause of action for wrongful death against all Clark County Defendants. (FAC ¶¶ 173–213, 228–236).  As discussed previously in this Order, Plaintiffs' fifth, seventh, eighth, and ninth causes of action are either moot as pleaded, without sufficient factual allegations to plausibly support a claim, or based on a statutory provision that does not provide a private right of action. *See supra* Sections B(2), B(3).  The Court need not readdress these claims when considering Clark County Defendants' Motion to Dismiss, though Clark County Defendants may reassert their own arguments for dismissal of these claims if applicable upon Plaintiffs' amendment.  The below discussion accordingly addresses whether Plaintiffs' remaining causes of action survive Clark County Defendants' instant FRCP 12(b)(6) Motion.

### (1) *First Cause of Action*

Plaintiffs' first cause of action alleges Clark County violated due process protections under the Fourth and Fourteenth Amendments to the United States Constitution by seizing D.B. on April 23, 2017, from the care of D.B.'s natural mother "without warning and without any immediate threat from the Plaintiffs." (FAC ¶¶ 138–39).  Plaintiffs further contend that this seizure resulted in the deprivation of rights to "be free from harm while involuntarily in government custody and their right to medical care, treatment, and services." (*Id.* ¶ 140).

Clark County seeks dismissal of this claim by citing to an order from the Eighth Judicial District Court's Family Division filed on April 26, 2017, which detailed reasons for the removal of D.B. and placement of the child in protective custody. (Protective Custody Findings and Order, Ex. A to Mot. Dismiss, ECF No. 47); (Mot. Dismiss 5:7–19, ECF No. 45).  Clark County argues that the Court can take judicial notice of this order when deciding its FRCP

12(b)(6) Motion without converting it into a motion for summary judgment. (Mot. Dismiss 5:7–19, 6:4–10).[6]  When considering that order, according to Clark County, Plaintiffs' first claim must fail because Plaintiffs cannot establish that removal of D.B. was wrongful. (*Id.* 5:19).

For Plaintiffs to state a plausible claim for violation of substantive due process rights against Clark County based on D.B.'s removal, the First Amended Complaint must allege that officials removed D.B. without information at the time of the seizure that would establish "reasonable cause to believe that the child is in imminent danger of serious bodily injury" and that the scope of the intrusion was not "reasonably necessary to avert that specific injury." *Romero v. Washoe Cty.*, No. 3:11-cv-00582-LRH, 2013 WL 5592269, at *2 (D. Nev. Oct. 9, 2013), *aff'd sub nom. Romero v. Cty. of Washoe*, 602 F. App'x 408 (9th Cir. 2015) (quoting *Rogers v. County of San Joaqui*n, 487 F.3d 1288, 1294 (9th Cir. 2007)).  Indeed, the Fourteenth Amendment "guarantees that parents will not be separated from their children without due process of law except in emergencies"; and the Fourth Amendment "protects children from warrantless seizure except in emergencies." *Id.*

Plaintiffs' first cause of action at least tracks the requisite elements to state a § 1983 claim for violations of due process rights under the Fourth and Fourteenth Amendments.  The allegations point to the existence of a parental relationship, physical intrusion of that relationship by government officials, and that the intrusion occurred "without warning" and "without any immediate threat" to D.B. (FAC ¶¶ 137–39).  Further, Clark County's reference to the Family Division's order does not defeat Plaintiffs' first cause of action at this early 12(b)(6) stage because, while the Court can take judicial notice of that state court order, the Court cannot accept the state court's findings to conclude that the First Amended Complaint's

---

[6]  Clark County Defendants move to seal the exhibits submitted alongside their Motion to Dismiss on the basis that the exhibits contain confidential information that is both sensitive to the parties and protected by Nevada statute.  Plaintiffs did not object to the exhibits being sealed.  For the reasons stated in County Defendants' Motion to Seal, the Court **GRANTS** the request and will keep the exhibits **SEALED**.

contrary factual allegations are incorrect or implausible. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (explaining that when taking judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein" or "for disputed facts stated in the public record") (quotations omitted); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (explaining that in the context of a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs").

Where Plaintiffs' first claim fails, however, is with its vague references to "Defendants" when alleging wrongful conduct.  That is, this first claim initially identifies Clark County as the applicable defendant, yet the allegations vaguely extend to "Defendants, and each of them," and "Clark County Department of Family Services" as the parties who "seized" D.B. without warning or immediate threat. (FAC ¶¶ 138–39).  Plaintiffs concede the unclear nature of their first claim. (Mot. Amend 4:10–28, ECF No. 31).  Thus, the central reason for the Court to grant dismissal of this first claim is its failure to give fair notice to the defendant (or defendants) who committed the wrongful conduct and through what specific actions. *See Twombly*, 550 U.S. at 555.  The proposed Second Amended Complaint suffers from similar deficiencies.

Though dismissal is appropriate, the Court will grant Plaintiffs[7] leave to amend their first claim.  It is not clear that amendment would be futile as a matter of law or in light of uncontested facts at this early stage.

### (2) *Second, Third, and Sixth Causes of Action*

Plaintiffs' second cause of action declares that "D.B. had a constitutional right to be

---

[7] Clark County seeks dismissal of Plaintiff David Banks, the alleged natural father of D.B., on the basis that he lacks standing because he is not named on D.B.'s birth certificate and at least one court has ordered a paternity test to which Plaintiff Banks declined to complete. (Mot. Dismiss 19:4–9, ECF No. 45).  But Clark County's arguments go against allegations in the First Amended Complaint. (*See* FAC ¶ 137).  Accordingly, while Clark County may assert this standing argument at a later stage in proceedings, the Court cannot find at this 12(b)(6) stage that Plaintiff David Banks has insufficiently alleged standing and will be wholly unable to ultimately prove standing in this matter.

provided with basic human needs and to be free from unjustified pain and suffering, mental anguish, and to live without threat to his personal safety while in the custody of Defendants." (FAC ¶ 146).  Clark County Defendants allegedly violated those rights by failing to ensure D.B.'s safety in the home of Ford and Dickens and by improperly allowing the placement of D.B. in that home. (*Id.* ¶ 147).  Plaintiffs add that Defendants, "and each of them," failed to perform "a mandated duty in meeting, supervising and conducting a monthly meeting with D.B." to ensure his safety. (*Id.* ¶ 148).  The third cause of action similarly relies on apparent obligations of Clark County Defendants to provide training to foster care social workers and subsequent failure to conduct an adequate investigation before placing D.B. with Ford and Dickens. (*Id.* ¶¶ 160–63).  Plaintiffs' sixth cause of action arises from similar purported violations of due process rights, but under the Nevada Constitution. (*Id.* ¶¶ 180–83).

Clark County Defendants move for the dismissal of these claims by pointing to a state court order placing D.B. with "fictive kin" rather than in a "foster home." (Mot. Dismiss 5:20–6:22, ECF No. 45).  According to Clark County Defendants, placement with fictive kin exempts Defendants from complying with safety standards applicable to foster homes; and, similarly, the due process claims as currently alleged by Plaintiffs are factually incorrect because they refer to D.B.'s placement in a "foster home" rather than with fictive kin. (*Id.*) (citing Nevada Revised Statute 424.090); (Reply 8:22–9:5, ECF No. 56).

At this early 12(b)(6) stage, the Court declines Clark County Defendants' request to take judicial notice of a state court order that purportedly disproves Plaintiffs' allegations about D.B. being placed in a foster home and outside the protection of certain Nevada statutes and regulations. *Cf. Lee*, 250 F.3d at 690.  The Court nevertheless finds that Plaintiffs' second, third, and sixth causes of action fail to plausibly allege due process violations by Clark County Defendants—even though Plaintiffs are correct that they and D.B. held certain due process rights in these circumstances. *Lipscomb By & Through DeFehr v. Simmons*, 962 F.2d 1374,

1379 (9th Cir. 1992) ("Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child."); *cf. Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010) ("The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent.").  Each of the applicable allegations for these due process claims sound in conclusory statements that fail to describe the wrongful conduct by each Defendant through more than vague and broad cites to statutes, regulations, or general duties of caseworkers or supervisors.  Without defendant-specific allegations of wrongdoing, the Court cannot adequately evaluate how due process rights were infringed through deliberately indifferent conduct and by which defendant.  Dismissal of these three claims is therefore appropriate, but without prejudice and with leave to amend. *See Nelson v. Willden*, No. 2:13-cv-00050-GMN, 2015 WL 628133, at *5 (D. Nev. Feb. 12, 2015) (dismissing without prejudice causes of action under 42 U.S.C. § 1983 because the complaint lacked specific factual allegations that could support a deprivation of constitutional rights based on placement of a child in foster care).

### (3) *Fourth and Twelfth Causes of Action*

Plaintiffs' fourth cause of action asserts negligence by Defendants Maldonado, Gutierrez/Guerro, and Clark County. (FAC ¶¶ 169–71).[8]  To support the claim, Plaintiffs list various Nevada statutes and regulations that specify supervision, care, and placement standards for children in foster care. (*Id.*).  Plaintiffs then allege breaches of these purported standards through, broadly, failing to keep D.B. in a safe environment. (*Id.* ¶¶ 232–36).  Plaintiffs'

---

[8]  Defendants argue that Plaintiffs' claims against Clark County Defendants in any individual capacity fail due to insufficient pleading allegations—to which Plaintiffs do not contest. (Resp. 11:27–28 n.5, ECF No. 53).  The Court accordingly dismisses claims against any Clark County Defendant in an individual capacity, but without prejudice and with leave to amend in light of Plaintiffs' contention that they are able to "add allegations of more factual specificity." (*Id.*).

1  twelfth claim for wrongful death similarly relies on these alleged breaches of duties.  In

2  response, the Clark County Defendants named in these claims move for their dismissal because

3  the identified statutory and regulatory standards that support these claims only apply to foster

4  care, not when (as here) a child is placed with fictive kin. (Mot. Dismiss 7:5–8:9, ECF No. 45).

5  Additionally, Clark County Defendants argue they are protected by "discretionary act

6  immunity." (*Id.* 13:23–15:5); (Reply 11:14–14:14, ECF No. 56).

7       Addressing first the extent that Plaintiffs' causes of action implicate Defendants

8  Maldonado and Gutierrez/Guerro, Plaintiffs' own allegations state that "Defendants do not

9  require caseworkers to make any other inquiries to determine whether the Fictive Kin

10 Placement are able to provide appropriate care for the children." (FAC ¶¶ 102–06) (contending

11 that Nevada Revised Statute 424.090 provides a "blanket exemption for Fictive Kin Placement

12 caregivers from all safety and non-safety standards contained in NRS 424," and thus

13 "Defendants' policy is to allow individual caseworkers to determine on their own whether the

14 home is safe and appropriate for the child").  Thus, several of Plaintiffs' allegations fatally

15 contradict the fourth and twelfth claims' basis that Maldonado and Gutierrez/Guerro, as

16 caseworkers assigned to oversee the placement and care of D.B., were negligent by failing to

17 conduct duties required by state statutes and regulations based on NRS 424.  Moreover, to the

18 extent Plaintiffs allege Maldonado and Gutierrez/Guerro violated generally applicable statutes

19 and standards for childcare and reporting requirements, such as provisions within NRS 432B,

20 the corresponding allegations are conclusory. (*See* FAC ¶¶ 66, 69–70, 168–172, 228–236).

21 Accordingly, Plaintiffs' fourth and twelfth claims as to Maldonado and Gutierrez/Guerro are

22 dismissed.  Dismissal is without prejudice, however.  It is not clear yet whether Plaintiffs are

23 wholly unable to provide additional factual allegations plausibly showing that these Defendants

24 violated applicable legal duties when handling D.B.'s placement and care. *Cf. J.M.M. v.*

25 *Hernandez*, 151 F. Supp. 3d 1125, 1133–34 (D. Nev. 2015) (finding that discretionary act

immunity did not apply to portions of claims concerning a caseworker's alleged negligence in failing to adequately supervise a child's care).

These reasons for dismissal of Plaintiffs' fourth and twelfth claims against Maldonado and Gutierrez/Guerro also apply with Clark County. That is, Clark County correctly points out that provisions of NRS 424.020 to 424.090 "do not apply to homes" in which "care is provided to a minor child . . . in the custody of an agency which provides child welfare services pursuant to chapter 432B or NRS if . . . [t]he caregiver is . . . fictive kin." Nev. Rev. Stat. 424.090(g)(1). Plaintiffs nevertheless argue that these statutory and regulatory exemptions of care standards violate the federal Supremacy Clause. (Resp. 7:9–8:23, ECF No. 53). However, federal law's supremacy over state exemptions is a separate issue from plausibility of negligence claims based on inapplicable standards of care. Further, aside from statutes or regulations that would not apply here, Plaintiffs' allegations specific to the fourth and twelfth claims are conclusory; and the surrounding allegations only delineate general problems with Nevada's foster care system rather than describing the specific indifference or acquiescence to failures by named Defendants in this particular case. The Court accordingly dismisses Plaintiffs' fourth and twelfth causes of action against Clark County Defendants, but without prejudice and with leave to amend. It is not clear whether Plaintiffs are unable to articulate a duty that Clark County or its officials had in these circumstances, which they negligently breached causing D.B.'s death.

Regarding Clark County Defendants' assertion of discretionary act immunity, the Court defers ruling on whether such immunity applies here to bar Plaintiffs' state-law claims. As noted above, Plaintiffs' allegations lack sufficient factual allegations to plausibly state their claims, and pleading deficiencies prevent the Court from conducting a complete analysis on the appropriateness of dismissal with prejudice on immunity grounds. Clark County Defendants may reassert this argument of immunity if Plaintiffs elect to amend the state-law claims.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Tropicana's Motion to Dismiss, (ECF No. 16), is **GRANTED**.  Plaintiffs' second, seventh, eighth, ninth, eleventh, and twelfth causes of action as to Defendant Tropicana are **DISMISSED without prejudice** as stated in this Order.

**IT IS FURTHER ORDERED** that Defendant Whitley's Motion to Dismiss, (ECF No. 41), is **GRANTED**.  Plaintiffs' second, third, sixth, seventh, eighth, ninth, and twelfth causes of action as to Defendant Whitley are **DISMISSED without prejudice** as stated in this Order. Plaintiffs' fifth cause of action as to Defendant Whitley is **DISMISSED in part with prejudice and in part without prejudice** as stated in this Order.

**IT IS FURTHER ORDERED** that Clark County Defendants' Motion to Dismiss, (ECF No. 45), is **GRANTED**.  Plaintiffs' claims as to Clark County Defendants are **DISMISSED without prejudice**, except for Plaintiffs' fifth claim which is **DISMISSED in part with prejudice and in part without prejudice** as stated in this Order.

**IT IS FURTHER ORDERED** that Clark County Defendants' Motions to Seal, (ECF Nos. 43, 46), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend, (ECF Nos. 31), is **GRANTED in part** and **DENIED in part**.  Plaintiffs have twenty-one days from the date of this Order to file a Second Amended Complaint.  If Plaintiffs fail to timely amend the claims dismissed without prejudice in this Order, the Court will consider them abandoned and subject to dismissal with prejudice.

**DATED** this __7__ day of May, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court