BENJAMIN CLOWARD, ESQ.
Nevada Bar No. 11087
SAMANTHA A. MARTIN, ESQ.
Nevada Bar No. 12998
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: SMartin@richardharrislaw.com
*Attorneys for Plaintiffs*

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ANSARA, as Special Administrator of the estate of D.B., born December 18, 2015 and died August 15, 2017 and GABRIELLE BRANON-CHESLEY, individually, as the Natural Mother of D.B., DAVID BANKS, individually and as the Natural Father of D.B.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>GLORIA MALDONADO, individually; AUDRA GUITERREZ, individually; CLARK COUNTY, a Political Subdivision of the State of Nevada, DOE individuals I-XX; ROE CLARK COUNTY DEPARTMENT OF FAMILY SERVICES EMPLOYEES I-XX, individually and in their official capacities; TROPICANA DE, LLC, d/b/a SIEGAL SUITES OF TROPICANA, a Foreign Limited Liability Corporation; AND DOE SECURITY COMPANY and ZOE CORPORATIONS XXI-XXX,<br><br>　　　　　　　Defendants. | CASE NO.: 2:19-CV-01394-GMN-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY (Second Request)** |

1

**IT IS HEREBY STIPULATED** by and between the parties that discovery shall be extended ninety (90) days.

This litigation arose out of a wrongful death that occurred on August 15, 2017. The parties have engaged in extensive motion work during the pendency of this litigation, as summarized below:

1. Plaintiffs filed their original Complaint on (ECF No. 5) on August 14, 2019.
2. A First Amended Complaint (ECF No. 5) was filed on August 15, 2019.
3. Defendant Tropicana DE, LLC filed their Motion to Dismiss (ECF No. 16) on September 9, 2019.
4. Plaintiffs filed their Opposition to Defendant Tropicana's Motion (ECF No. 21) on September 30, 2019.
5. Defendant Tropicana filed their Reply (ECF no. 28) thereto on October 7, 2019.
6. Plaintiffs filed a Motion for leave to file a Second Amended Complaint (ECF no. 31) on October 8, 2019.
7. Defendant Richard Whitley filed a Motion to Dismiss (ECF No. 41) on October 24, 2019.
8. Defendants Clark County, Gloria Maldonado, Audra Gutierrez/Guerro, Yolanda King and Tim Burch filed their Joinder to Richard Whitley's Motion to Dismiss (ECF No. 42); and their Separate Motion to Dismiss (ECF No.45) on October 31, 2019.
9. Plaintiffs filed an Opposition (ECF No. 48) to Richard Whitley's Motion to Dismiss on November 8, 2019.
10. Defendant Richard Whitley filed a Reply to Plaintiff's Opposition (ECF No. 50) on November 13, 2019.
11. Defendant Clark County, Gloria Maldonado, Audra Gutierez/Guerro, Yolanda King and Tim Burch filed their Joinder to Richard Whitley's

Reply to Response to Motion to Dismiss (ECF. No. 52) on November 14, 2019.

12. Defendant Clark County, Gloria Maldonado, Audra Gutierez/Guerro, Yolanda King and Tim Burch filed their Reply to Plaintiffs' Opposition to Dismiss Plaintiffs' First Amended Complaint (ECF no. 56) on November 26, 2019.

13. The Court entered an Order (ECF No. 63) regarding the Motions to Dismiss filed by all Defendants (ECF Nos. 16, 41, and 45) as well as Plaintiffs Motion to Amend (ECF No. 31) on May 7, 2020. In that Order, the Court granted in part and denied in part Defendants' Motions as well as Plaintiffs' Motion to Amend. Specifically, the Court held that the claims against the Defendants were ***dismissed without prejudice*** but that Plaintiffs' Motion to Amend was **granted** in part and **denied** in part. ECF No. 63 P. 20:1-20. Plaintiffs were awarded twenty-one (21) days from the date of the Order to file a Second Amended Complaint.

14. Plaintiffs filed their Second Amended Complaint (ECF No. 64) on May 28, 2020.

15. A Stipulation and Order of Dismissal of Defendants Yolanda King and Timothy Burch with Prejudice was signed and entered on June 5, 2020 (ECF No. 69).

15. Defendant Tropicana filed their Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 70) on June 11, 2020.

16. Defendant Clark County, et. al., filed their Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 72) on June 25, 2020.

17. The Stipulation and Order for Extension to Respond to Defendant Tropicana DE, LLC Motion to Dismiss (ECF No. 74) was entered on June 26, 2020. This stipulation granted Plaintiffs until July 27, 2020 to Oppose Defendant's Motion.

18. A second Stipulation and Order for Extension of Time was entered in to by Plaintiffs and counsel for Defendant Tropicana. This Stipulation extended Plaintiffs time to oppose Defendant's Motion to Dismiss Plaintiffs Second Amended Complaint from July 27, 2020 until September 10, 2020. This Order was entered on July 21, 2020 (ECF No. 82).

19. On July 23, 2020, the Court entered an Order on the Stipulation for Extension to Respond to Defendant Clark County et. al.'s Motion to Dismiss Plaintiffs Second Amended Complaint (ECF No. 84). This Order granted Plaintiffs an extension until August 31, 2020 to respond to said Motion.

While the parties have been participating in the exchange of written discovery and documents (as summarized below) during the pendency of the Defendant's Motions to Dismiss, no depositions have been taken. Depositions have been postponed or continued as a result of an agreement amongst the parties in order to ensure that all parties and their counsel are safe during the COVID-19 quarantine and in an effort to negate the need to present certain parties or witnesses multiple times for their depositions. Without certain key depositions, the parties are unable to retain or disclose their expert witnesses. Additionally, depending on the Court's decision with respect to Defendant Tropicana and Defendant Clark County, et. al.'s respective Motions to Dismiss, one or more party may no longer be in the current litigation. Until there is an operative complaint in force and effect and until the remaining parties are fully aware of all claims and defenses, they are unable to proceed with party depositions and expert disclosures. As such, the parties agree that an additional **ninety (90) days** are needed to disclose experts, complete party and witness depositions and complete discovery.

**I.   Discovery Completed to Date**

1. A Joint Discovery Plan and Scheduling Order (ECF No. 39) was filed on October 23, 2019.
2. Plaintiff served their Initial FRCP Disclosures on October 28, 2019.

3. Defendant Tropicana De, LLC served their Initial FRCP Disclosures on October 29, 2019.
4. Defendant Clark County, et. al. served their FRCP 26 Initial Disclosures on October 30, 2019.
5. Defendant Clark County, et. al served their FRCP 26 First Supplemental Disclosures with exhibits on February 25, 2020.
6. Plaintiffs propounded their First Set of Discovery to Defendant Tropicana on February 12, 2020and received Tropicana's Responses on April 27, 2020.
7. Plaintiffs propounded their First Set of Written Discovery to Defendant Clark County, et. al. on February 12, 2020 and received their response on April 29, 2020.
8. Defendant Clark County, et. al. served their Second Supplemental FRCP26 disclosures and exhibits on April 29, 2020.
9. Defendant Clark County, et. al. propounded their first set of written discovery on Plaintiffs on April 21, 2020 and received their response on June 9, 2020.
10. Plaintiffs propounded Second Set of written discovery on Defendant Clark County on April 13, 2020 and received their response on _____
11. Plaintiffs propounded Third Set of written discovery on Defendant Clark County on June 9, 2020 and received their response on April 10, 2020 and received their response on July 30, 2020.
12. Plaintiffs propounded Second Set of written discovery on Defendant Tropicana on June 11, 2020 and received their responses on August 21, 2020.
13. Defendant Clark County, et. al. served their Third Supplemental FRCP26 disclosures and exhibits on June 26, 2020,
14. Defendant Clark County, et. al. served their Fourth Supplemental FRCP26 disclosures and exhibits on July 30, 2020,
14. The deposition of Terry Kukyendoll is set for October 6, 2020.
15. The deposition of Recccah Taylor is set for October 7, 2020.

16. The deposition of Sasha Scott is set for October 7, 2020.

17. The deposition of Gloria Maldonado is TBD.

18. The deposition of Audra Gutierrez is TBD.

19. The deposition of Tim Burch is TBD.

20. The deposition of Anthony Diggs is TBD.

21. The deposition of Valerie Shyface is TBD.

22. The deposition of Anne Sullivan is TBD.

23. The deposition of Michelle Brown is TBD.

24. The deposition of Traci Silva is TBD.

25. The deposition of Mark Perkinson is TBD.

## II.     Description of Additional Proposed Discovery

The parties discussed what additional discovery needs to be completed in this matter. It was determined that, in order to fully litigate and investigate all alleged claims and defenses, the parties needed to engage in the following:

1. Depositions of parties and witnesses.
2. Retention of experts.
3. Disclosure of all experts and their reports as well as depositions of the same.

**Proposed Schedule for Completing All Remaining Discovery**

The parties wish to extend the dates for discovery as follows:

|  | **Current Dates** | **Proposed Dates** |
|---|---|---|
| Last day to amend pleadings or add parties | Closed | **Closed** |
| Last day to serve Initial Expert Disclosures | October 15, 2020 | **January 14, 2021** |
| Last day to serve Rebuttal Expert Disclosures | November 13, 2020 | **February 12, 2021** |
| Last day to complete discovery | January 14, 2021 | **April 14, 2021** |
| Last day to file dispositive motions | February 12, 2020 | **May 14, 2021** |
| Joint Pretrial Order |  | June 14, 2021 |

///

///

### III.     Reasons Why Good Cause Exists to Extend Expert Discovery Deadlines

FRCP 16(b)(5) provides that the scheduling order "shall not be modified" except upon a showing of good cause. The purpose of this rule is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed." *Nutton v. Sunset Station, Inc.*, Nev. Adv. Rep. 34, 357 P.3d 966, 971 (Nev. App. 2015). Good cause is established by showing that the current deadline cannot be met despite the requesting party's diligence in attempting to meet said deadline. Diligence in attempting to meet a deadline may be determined by considering the explanation for the untimely conduct; the importance of the requested untimely action; the potential prejudice in allowing the untimely conduct; and the availability of a continuance to cure such prejudice. *Id.* at 971-72.

The parties have had difficulty getting answers to discovery, including because some of the individuals and organizations involved in this lawsuit are either county and State entities or employees, some of whom have been ordered to stay home as nonessential and/or are working remotely making access to documents and participating in discovery difficult as a result of the COVID-19 quarantine. Additionally, although the parties have been diligently trying to conduct discovery and schedule depositions, their good faith efforts have been frustrated because of the current quarantine. Furthermore, as outlined above, the parties have been engaged in extensive motion work relating to Plaintiffs various claims and the defenses to the same. Without an operative complaint that fully outlines the parties involved in the litigation and the claims against them, the parties have been unable to retain experts or depose the individuals involved. The parties believe that a decision must be made on the outstanding Motions to Dismiss prior to discovery continuing in this matter.

The parties recognize that this is the second discovery extension requested. However, given the nature of this case and the extensive motion work up to this point, the parties agree that additional time is needed to complete discovery and to fully litigate this matter. This request is not being made in an attempt to delay the litigation of this matter but instead is being requested as a result of the current global pandemic and the party's inability to fully litigate the

claim at this time.  A brief extension of time for discovery will allow the parties and their counsel to fully litigate this matter.

Date:__August 27, 2020___
**RICHARD HARRIS LAW FIRM**

*/s/ Samantha A. Martin*
_____
SAMANTHA A. MARTIN, ESQ.
Nevada Bar No. 12998
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiffs*

Date:__August 27, 2020___
**THE SIEGEL GROUP**

*/s/ Brandon J. Trout*
_____
Brandon J. Trout, Esq.
3790 Paradise Road, Suite 250
Las Vegas, Nevada 89169
*Attorneys for Defendant*
*Tropicana DE, LLC*

Date:__August 27, 2020_____
**OLSONCANNON GORMLEY & STOBERSKI**

*/s/ Felicia Galati*
_____
Felicia Galati, Esq.
Nevada Bar No. 7341
9950 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorneys for Defendants*
*Clark County, Gloria Maldonado,*
*Audra Guitierrez/Guerro,*

**ORDER**

IT IS SO ORDERED.

DATED this 31st day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

8