UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ANSARA *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:19-cv-01394-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| GLORIA MALDONADO *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendants Clark County, Gloria Maldonado, and Audra Gutierrez's (collectively "Defendants'") Motions to Seal, (ECF Nos. 166, 185). Plaintiffs Robert Ansara, Gabrielle Branon-Chesley, and David Banks (collectively "Plaintiffs") did not file a response.

For the reasons discussed below, the Court **GRANTS** Defendants' Motions to Seal.

**I.    BACKGROUND**

This case arises from the tragic death of a minor child, D.B., caused by Craig Dickens ("Dickens") when he threw D.B. "across the room twice while drunk" at a Siegal Suites in Las Vegas, Nevada. (Sec. Am. Compl. ("SAC") ¶¶ 43–44, ECF No. 64). Plaintiff Robert Ansara brings this action as Special Administrator of the State of D.B., and Plaintiffs David Banks and Gabrielle Branon-Chesley are the natural father and mother of D.B. (*Id.* ¶¶ 2–4).

According to Plaintiffs' allegations, the events leading up to D.B.'s death began on April 23, 2017, when Clark County removed D.B. from the home and care of his natural mother. (*Id.* ¶¶ 64–65). D.B. thereafter remained in the "custody and control" of Clark County Defendants and "in the foster home of Ford and Dickens." (*Id.* ¶ 33).

1  Plaintiffs allege that Ford and Dickens should never have had control over D.B. because of
2  Dickens's alcoholism, his violent tendencies, and because both Ford and Dickens "lacked the
3  skill and capacity to watch over and care for a child under the age of 24 months." (*Id*. ¶ 37).
4  　　　Following D.B.'s death, Plaintiffs commenced this action by filing their Complaint on
5  August 14, 2019, (Compl, ECF No. 1), which Plaintiffs amended one day later, (ECF No. 5).
6  Defendants filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6),
7  which the Court granted with leave to amend. (*See* Mots. Dismiss, ECF Nos. 16, 41, 45); (MTD
8  Order, ECF No. 63). Plaintiffs filed the instant Second Amended Complaint (the "Complaint")
9  on May 28, 2020 (SAC, ECF No. 64). On June 1, 2022, Defendants filed the instant Motion
10 for Summary Judgment, and on August 25, 2022, filed their Reply in Support of their Motion
11 for Summary Judgment. (ECF Nos. 165, 184). Defendants now seek to seal the exhibits
12 attached to both filings in their entirety. (*See generally* Mot. Seal Nos. 166, 185).

## II.  LEGAL STANDARD

　　　The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption." *Id.* The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion—namely the "compelling reasons" standard or the "good cause" standard. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The compelling reasons standard applies to any sealing request made in connection with a motion that is "more than tangentially related to the merits of a case." *Id*. at 1099, 1101. Under the good cause standard, a party requesting sealing must show that, for "each particular document" it seeks to seal, "prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). Under the

compelling reasons standard, a court may seal a record only if it finds a "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety*, 809 F.3d at 1096–97.  Compelling reasons exist when "such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1097 (internal quotations and citations omitted).

The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal quotations and citations omitted).  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id*. at 1182.  Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav.* & Loan, No. 2:16-cv-00587, 2017 WL 1078637, (D. Nev. Mar. 20, 2017) (internal citations omitted).

## III.  DISCUSSION

In their Motions to Seal, Defendants petition the Court to seal the entirety of exhibits attached to their Motion for Summary Judgment, (ECF No. 165), and Reply in Support of Motion for Summary Judgment, (ECF No. 184), because the exhibits contain confidential information pursuant to: (1) the parties stipulated Protective Order, (ECF No. 30), and (2) Nevada and federal law. (Mot. Seal 2:16–19, ECF No. 166); (Mot. Seal 2:7–9, ECF No. 185). The exhibits identified by Defendants relate to Defendants' Motion for Summary Judgment, and so the Court will apply a "compelling reasons" standard. *See, e.g., Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying the compelling

1   reasons standard because a motion for summary judgment is "unquestionably" more than
2   tangentially related to the merits of a case).

3         As an initial matter, the Court notes that the parties' stipulated Protective Order does not
4   provide a compelling reason to seal. *See Gregory v. City of Vallejo*, No. 2:13-cv-00320, 2014
5   WL 4187365, at *3 (E.D. Cal. Aug. 21, 2014) ("[T]he presumption of access to court records is
6   not rebutted simply because the court has entered the stipulated protective order."). "While the
7   parties may agree upon confidentiality among themselves, they must make the requisite
8   showing of 'compelling reasons' as to each document . . . in order to justify sealing." *Karpenski*
9   *v. American General Life Companies, LLC*, No. 2:12-cv-01569, 2013 WL 5588312, at *2
10  (W.D. Wash. Oct. 9, 2013); *see Edwards Vacuum, LLC v. Hoffman Instrumentation Supply.*
11  *Inc.*, No. 3:20-cv-1681, 2021 WL 186932, at *2 (D. Or. Jan. 19, 2021) ("[T]he fact that the
12  parties may have stipulated to a protective order is not itself a basis for sealing or otherwise
13  restricting access to any specific discovery material.").

14        Nevertheless, the Court finds that compelling reasons to seal exist under Nevada and
15  federal law. Specifically, the Court agrees with Defendants' assertion that all exhibits attached
16  to their Motion for Summary Judgment and Reply should be sealed pursuant to NRS §
17  432B.280 and the Health Insurance and Portability and Accountability Act ("HIPPA").[1] (Mot.
18  Seal 2:6–5:7); (Mot. Seal 2:6–4:18).

19        NRS § 432B.280 provides that subject to certain exceptions, "all information maintained
20  by a [sic] child welfare services—such as reports and investigations—are confidential." NRS §

---

[1] Defendants alternatively contend that the exhibits are confidential under the Child Abuse Prevention and Treatment Act ("CAPTA"). 42 U.S.C. §5106(a)(b)(2)(B)(vii)-(ix). CAPTA's "plain language allows a state agency to share confidential records regarding child abuse and neglect with 'a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury." *United States v. Pishion*, No. 3:21-cr-00038, 2022 WL 10091650, at *1 (D. Nev. Oct. 17, 2022); *see* 42 U.S.C. §5106(a)(b)(2)(B)(vii)(V). Therefore, "[u]nder CAPTA, . . . state laws indicate who may access child abuse and neglect records." *Pishion*, 2022 WL 10091650, at *2. Because CAPTA's scope is tied to the relevant state law, the Court's inquiry will focus on whether Defendants' exhibits are confidential under Nevada law.

432B.290(2)(e) in turn provides that "information maintained by the agency which provides welfare services may, at the discretion of the agency which provides child welfare services, be made available only to a court other than a juvenile court, for in camera inspection only, unless the court determines that public disclosure of the information is necessary for the determination of that issue."

This statute evinces a strong state interest in the confidentiality of child welfare service records. If the Court were to allow the parties to import confidential documents into federal court and thereby make them public, it would seriously undermine the state's policy. *See Barnard v. State of Hawaii*, No. 05-00599, 2007 WL 954303, at *2–3 (D. Haw. Mar. 27, 2007) (finding that the state's interest in maintaining the confidentiality of Department of Human Services investigations and reports was a compelling reasons justifying sealing the defendant's exhibits to their motion for summary judgment); *Prasad v. Simmons*, 15-cv-04933, 2019 WL 294760, at *2 (N.D. Cal. Jan. 23, 2019) (acknowledging California's compelling interest in protecting the "investigation, determination, and contents of a report" concerning child abuse and neglect investigations).

Further, many courts in the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, No. 3:17-cv-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases). This includes sensitive and private medical information protected by HIPPA. *See Hendon v. Baroya*, No.1:05-cv-01247, 2012 WL 6087535, at *2 (E.D. Cal. Dec. 6, 2012) (finding that compelling reasons existed to file the documents under seal where the documents contained confidential medical information protected by HIPPA); *K.K. v. Premera Blue Cross*, No. 21-cv-1611, 2022 WL 1719134, at *4 (W.D. Wash. May 27, 2022) (recognizing that compelling reasons existed to seal exhibits containing medical information protected by HIPPA).

After reviewing the exhibits attached to Defendants' Motion for Summary Judgement and Reply, the Court finds that compelling reasons to seal exist under NRS § 432B.280 and HIPPA.  These compelling reasons outweigh the public's need for direct access to the exhibits. Moreover, the Court finds that sealing the entirety of the exhibits is warranted because Defendants cannot reasonably redact portions of the underlying information. *See Miler v. Soto*, No. 1:20-cv-01117, 2022 WL 2160697, at *2 (E.D. Cal. June 15, 2022) ("To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents."); *Linksmart Wireless Tech. v. Ceasers Entm't Corp.*, No. 2:18-cv-00862 2020 WL 8834752, at *2 (denying plaintiff's motion to seal the entirety of its reply and exhibits when they did not demonstrate whether the information it seeks to keep confidential could be redacted); *Old Republic Ins. Co. v. City Plan Dev., Inc.*, No. 2:16-cv-00903, 2017 WL 5076516, at *2 (D. Nev. Nov. 2, 2017) (same).  Accordingly, the Court grants Defendants' Motions to Seal, (ECF No. 166, 185).

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Seal, (ECF Nos. 166, 185), are **GRANTED.**

**DATED** this __26__ day of November 2022.

_____
Gloria M. Navarro, District Judge
United States District Court